# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2021

Lyle W. Cayce
Clerk

No. 20-20568
Summary Calendar

Joseph Chhim,

*Plaintiff—Appellant*,

*versus*

City of Houston; Luna Nelson, *in the official capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-361

Before Elrod, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Joseph Chhim, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his complaint, through which he sought relief under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race and national origin and under the Age

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20568

Discrimination in Employment Act (ADEA) for discrimination on the basis of his age. Chhim, a 74-year-old Asian male originally from Cambodia, alleged that he was not interviewed or hired as a custodian with the City of Houston (the City) despite having superior qualifications for the position and that the City instead hired a younger Hispanic or Latino individual for the position. In addition, Chhim contended that he was not hired by the City in retaliation for his earlier complaints submitted to the Equal Employment Opportunity Commission (EEOC) and federal lawsuits. Finally, he asserted that the failure to interview or hire him constituted a breach of a 1994 Settlement Agreement entered by Chhim and the City.

The district court granted summary judgment in favor of the City and denied Chhim's request for in forma pauperis (IFP) status on appeal. By moving to proceed IFP on appeal, Chhim challenges the district court's certification. *See* FED. R. APP. P. 24(a)(5).

We review the district court's grant of summary judgment de novo. *EEOC v. LHC Grp.*, 773 F.3d 688, 694 (5th Cir. 2014). Viewing the facts in the light most favorable to the nonmovant, a grant of summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted) (quoting FED. R. CIV. P. 56(a)).

Because Chhim alleges circumstantial evidence of discrimination and retaliation, we evaluate his claims using the burden-shifting approach adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See Nicholson v. Securitas Sec. Servs., USA, Inc.*, 830 F.3d 186, 189 (5th Cir. 2016) (ADEA); *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 867 (5th Cir. 2016) (Title VII); *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (retaliation). Under the *McDonnell Douglas* test, a plaintiff must initially establish a prima facie case of discrimination or retaliation.

*Heggemeier*, 826 F.3d at 867; *McCoy*, 492 F.3d at 557. To establish a prima facie case of employment discrimination, a plaintiff must show that he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016) (internal quotation marks and citation omitted). To establish a prima facie case of retaliation, the plaintiff must show that: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy*, 492 F.3d at 557. If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to proffer a legitimate reason not based in discrimination or retaliation for its failure to hire the plaintiff. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *McCoy*, 492 F.3d at 557. If the defendant satisfies this burden, the plaintiff must provide evidence to establish that the defendant's legitimate non-discriminatory or non-retaliatory reason is mere pretext, or show that discrimination or retaliation was another motivating factor in the employment decision. *See Alvarado*, 492 F.3d at 611; *McCoy*, 492 F.3d at 557.

Viewing the facts in the light most favorable to Chhim, the district court correctly held that Chhim could not establish a prima facie case of discrimination under the ADEA, as the individual hired for the custodian position was also a member of the protected group. *See* 29 U.S.C. § 631(a). As for his allegations of national origin discrimination, the district court properly concluded that Chhim's conclusory assertions that his Cambodian background was taken into account during the decision-making process were insufficient to establish a prima facie case of discrimination. *See Carnaby v.*

*City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (stating that "conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party" in a summary judgment motion).

As for Chhim's assertions of retaliation, we assume that he established a prima facie case and consider whether the City proffered a legitimate and non-discriminatory reason for failing to hire him. Here, the City employee conducting applicant screening submitted Chhim's application for consideration for the interview process, but he noted that Chhim would not be eligible for a position because he had been previously terminated from the City's employment. Chhim asserts that this reasoning is pretextual because he was more qualified for the position than the other candidates who were interviewed. However, he has presented no evidence that other qualified individuals had disclosed in their applications that they were previously terminated from their positions with the City but were nevertheless interviewed or hired. We conclude that the City's reason for not hiring Chhim is legitimate and non-retaliatory.

Finally, we find no merit in Chhim's assertions that the City's failure to interview or hire him constitutes a breach of the 1994 Settlement Agreement. The meaning of a contract is a question of law to be determined by the court unless the terms of the agreement are ambiguous. *Christopher v. Safeway Stores, Inc.*, 644 F.2d 467, 471 (5th Cir. 1981). Under the Settlement Agreement, Chhim could apply for positions in the City, other than in the Aviation Department; however, there was no indication that he would necessarily be interviewed or hired. Even if the Settlement Agreement may be construed as stating that Chhim would not be penalized for any conduct preceding the agreement, nothing in the document indicated that his future actions, such as his conduct resulting in termination in 1995, would not be considered in hiring decisions. The district court correctly concluded that

there was no breach of the agreement.  *See LHC Grp.*, 773 F.3d at 694; *Christopher*, 644 F.2d at 471.

Chhim's appeal lacks arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.